CABOT
MANTANONA LLP
BankPacific Bldg., Second Floor
825 South Marine Corps Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 646-0777

Attorneys for **Raymond G. L. Calvo**

FILED
DISTRICT COURT OF GUAM

OCT - 7 2005

MARY L.M. MORAN
CLERK OF COURT

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAYMOND GERALD LIZAMA CALVO,<br><br>Defendant. | Criminal Case No. 05-00016<br><br>**SENTENCING MEMORANDUM** |

Prior to January 2005, a District Court had the discretion to "depart" downward from a guideline of the United States Sentencing guidelines if a case was atypical and differed from the norm. United States v. Cook, 938 F.2d 149, 152 (9th Cir. 1991) (citing U.S.S.G. Cg. 1, Pt. A § 4(b). The then stringent mandatory Guidelines delineated various bases for departures based on various characteristics of both a case itself and the defendant being sentenced.

In United States v. Booker/Fanfan, decided on January 12, 2005, the United States Sentencing Guidelines were deemed "advisory" by the United States Supreme Court. 125 S.Ct. 738. The Guidelines were stripped of their mandatory nature and judges were required to merely consult the Guidelines when delineating a sentence. Judges were no longer bound by the strict confines of the Guidelines and were granted the authority to take factors that were not adequately accounted for in the Guidelines into consideration. Under the old sentencing regime, variances from the mandates of the Guidelines were called "departures" because they departed from

the fixed range of the sentencing table. Included in the advisory status of the Guidelines are the exceptions that provide for departures from an otherwise applicable range.

18 U.S.C. § 3353(a) is referred to in <u>Booker</u> and much of the <u>post Booker</u> decisions as containing various factors, one of which is the guidelines, that must be considered in determining a sentence. The overriding principal mandates of 18 U.S.C. § 3353(a) requires that the courts impose a sentence "sufficient, but not greater then necessary" to comply with the four purposes of sentencing set forth in §3353(a)(2); retribution, deterrence, incapacitation and rehabilitation.

Furthermore, due the advisory nature of the newly advisory Guidelines under which this Court may take into other factors that support the imposition of a reasonable sentence. Thus, this Court should impose a sentence based on Mr. Calvo's other compelling factors attributable to Mr. Calvo that call for a reasonable sentence rather than the sentence suggested by the Guidelines.

Defendant Calvo asserts that the Probation Officer's assessment of the facts as contained in the Presentence Investigation Report are fair but not complete. Defendant Calvo joins with co-defendant Santos in arguing that the facts do not provide an adequate basis for this Court to determine a reasonable sentence for the defendant. The Defendant's cooperation in this matter is <u>not</u> addressed anywhere in the presentence report. In this case, the defendant cooperated with the government from the moment they were arrested in the hotel. Defendant Calvo and his co-defendants worked diligently from February 2005 to July 2005 in an effort to provide information to Federal Law Enforcement Authorities. At the request of the Federal

Law Enforcement, the Defendant had applied to get a job as a Bouncer at a local strip club known for trafficking in narcotics. Unfortunately, the defendant was unable to acquire the position. Even with their best efforts, the defendant and co-defendant were unable to produce a prosecutable case for the government. The Defendant understands that it is the government's option to do a downward departure motion for any and all cooperation they received. The Defendant is also aware of the government's practice not to do any downward departure motion for a Defendant where there is no arrest made.

Defendant Calvo would assert that even though his cooperation and assistance did not result in an arrest by Federal Law Enforcement that he worked very hard and risked his safety and well being, provided intelligence and made himself available to Federal Law Enforcement. It is defense counsel's assertion that the defendant's efforts in this matter where substantial and should not go without reward since he gave it his most sincere efforts and took risks to his own life and to his family. Further, the defendant would like the Court to know that at the time of defendant's cooperation, that there was a disruption in the DEA's ability to work cases due to disagreements with Local Law Enforcement. This disagreement led to the withdrawal of local agents to assist the DEA. This left DEA with only two (2) Agents to work all their ongoing and new cases. Defendant believes this had an affect on the defendant's ability to do successful operations. A departure for unsuccessful cooperation is "not" a novel idea. In <u>United States vs.Jaber</u>, 362 F.Supp. 2d 365 (D. Mass. 2005). In a meth conspiracy, a downward departure was granted in part because the defendant tried to cooperated repeatedly but had little to offer.

The Defendant will assert that he has already begun to turn his life around and rehabilitate himself from a life of crime and drugs. The Court can clearly see that the

defendant in this matter has used drugs in the pass. The defendant in this matter has been successful to a certain extend in fighting his addictions. [1]Further, it is clear that the defendant in this matter has made efforts to better himself by seeking and finding on his own employment. He remains to date employed. The defense would assert that the defendant difficulty in finding employment in such a troubled economy was part of why he took risk and committed the criminal act which he has pleaded guilty.

The defendant in this matter has more than accepted responsibility as stated in paragraph thirty-one (31) that he does not blame anyone else but himself for getting involved in this crime. The defendant in this matter is more than willing to serve the sentence handed out by this Court, but defense counsel would feel that he would not be doing his client a service unless he is able to make clear and complete record for the Court to give a fair and reasonable sentence to the defendant.

## CONCLUSION

Defendant Calvo respectfully requests the court to consider the factors raised in the above sentencing memorandum when deciding a fair and reasonable sentence pursuant to 18 U.S.C. §3553(a). Defendant Calvo believes a fair and reasonable sentence would require a departure below the recommended offense Level 27.

Dated: _____10/7/05_____, 2005

CABOT MANTANONA LLP
Attorneys for **Raymond G. L. Calvo**

By: _____
**RAWLEN M T MANTANONA, ESQ.**

---

[1] The defendant's only violation was for testing positive for marijuana.